UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | |
| *Eilmes Jr. v. Monsanto Co.*, Case No. 3:19-cv-05345-VC | **PRETRIAL ORDER NO. 319: ORDER GRANTING IN PART AND DENYING IN PART MONSANTO'S MOTION TO EXCLUDE EXPERT ARONSON** |
| *Gannon v. Monsanto Co.*, Case No. 3:19-cv-08064-VC | Re: Dkt. Nos. 18988, 18995 |
| *Gordon v. Monsanto Co.*, Case No. 3:19-cv-06423-VC | |
| *Haase v. Monsanto Co.*, Case No. 3:19-cv-05957-VC | |
| *Hayden v. Monsanto Co.*, Case No. 3:19-cv-05600-VC | |
| *Huntley v. Monsanto Co.*, Case No. 3:19-cv-06407-VC | |
| *Pinheiro v. Monsanto Co.*, Case No. 3:20-cv-08173-VC | |
| *Pinheiro v. Monsanto Co.*, Case No. 3:21-cv-00041-VC | |
| *Aldoupolis v. Monsanto Co.*, Case No. 3:20-cv-03433-VC | |
| *Drons v. Monsanto Co.*, Case No. 3:20-cv-08167-VC | |
| *Fox v. Monsanto Co.*, Case No. 3:20-cv-08847-VC | |

*McDermott v. Monsanto Co.*,
Case No. 3:20-cv-07219-VC

*Penalver v. Monsanto Co.*,
Case No. 3:20-cv-08801-VC

*Rubin v. Monsanto Co.*,
Case No. 3:20-cv-05870-VC

*Skonicki v. Monsanto Co.*,
Case No. 3:20-cv-08053-VC

*Sullivan v. Monsanto Co.*,
Case No. 3:22-cv-00092-VC

*Tudal v. Monsanto Co.*,
Case No. 3:20-cv-05871-VC

Monsanto's motion to exclude the testimony of Dr. Kristan Aronson is granted in part and denied in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior Daubert rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

1. Monsanto's motion against Aronson bears many similarities to its motion against Dr. M. Smith, which the Court ruled on in Pretrial Order No. 313. *See* Dkt. No. 20337. Both motions seek the exclusion of general causation experts for the way they addressed (or didn't address) the limitations of studies on which they based their opinions. And both motions suffer from the same flaw: Monsanto did a poor job developing the record.

Monsanto first targets Aronson's alleged failure to consider the need to adjust study results for exposure to other pesticides, focusing on Eriksson (2008) and Hohenadel (2012). As the Court explained in Pretrial Order 45, "failing to take account of likely confounders by presenting and relying upon only unadjusted (or minimally adjusted) estimates is a serious

2

methodological concern." *In re Roundup Prods. Liab. Litig.*, 390 F. Supp. 3d 1102, 1140 (N.D. Cal. 2018). Aronson's report gave a highly suspect explanation for how the confounding effect of other pesticides could be excluded, essentially saying that some studies showed no evidence of confounding, and many studies still reported elevated odds ratios after adjusting, even though some of them were not statistically significant. *See* Aronson Report (*Hayden*, et al.) (Dkt. No. 18988-2) at 27. Monsanto could have questioned Aronson on this point, eliciting testimony that described what weight she put on unadjusted studies, which may have resulted in her exclusion.

But the record Monsanto has developed doesn't show that Aronson presented and relied upon only unadjusted estimates—it only shows that she reviewed both adjusted and unadjusted estimates, which is not alone grounds for exclusion. For example, Monsanto points out that Aronson admitted at deposition that the McDuffie (2001) data was not adjusted, a point she made in her report, as well. *See* Aronson Dep. (*Buttry*) (Dkt. No. 18987-8) at 213:24–214:2; *see also* Aronson Report at 27. It chose not to present any evidence regarding Aronson's response to questioning about how she determined there was no evidence of confounding in McDuffie or how she took considered the study in light of Hohenadel. And for at least some of the studies she examined, she described the weaknesses of unadjusted estimates. For example, Aronson's report noted that the adjusted Eriksson result was not statistically significant—i.e., the 95% confidence interval for the odds ratio was 0.77 to 2.94. *See* Aronson at 54. Aronson surely could have spent more time explaining the relevance of that lack of statistical significance, but it's not clear from her report that she "disregards statistical significance" entirely, like Monsanto argues. Reply at 3–4. As noted in Pretrial Order No. 313, a deposition is Monsanto's opportunity to develop its record. If Monsanto had testimony showing Aronson relied too heavily on unadjusted or not statistically significant data, it should have presented it. Monsanto didn't, so its motion is denied. To the extent Aronson's opinion has weaknesses that Monsanto failed to highlight in its motion, it can highlight those weaknesses during cross-examination at trial.

2. Monsanto also makes weak arguments about Aronson's use of Meloni (2021) and Zhang (2019). Regarding Meloni, Monsanto argues Aronson misused it because she didn't account for its reliance on unadjusted data, and she selectively cited a portion of the study that

3

supported her opinion while ignoring the parts of it that didn't. Regarding Zhang, Monsanto repeats familiar arguments about how the Court has found it to be junk science. But the Court has said before that mere reliance on Zhang does not mean the automatic exclusion of an expert, and the same can be said for Meloni. *See* Dkt. No. 19061 at 2. The record Monsanto has presented does not show Aronson relied too heavily on either study.

    3. Monsanto makes one additional point from its Omnibus Motion (Dkt. No. 18987) relating to "multiple statistical tests." Reply (Dkt. No. 19559) at 3–4. The Court ruled on this issue in Pretrial Order No. 45, and it will not reconsider them. *See* Dkt. No. 19225.

    4. Aronson will not be precluded from testifying about Dr. Tomasetti's work. If her testimony is factually inaccurate, that's obviously something Monsanto should highlight during cross examination.

    5. The plaintiffs say in their Opposition that Aronson will not offer testimony about "Monsanto's intent, motive or state of mind;" "comparing Monsanto to the tobacco, lead or asbestos industries;" or "PCBs." Opp. (Dkt. No. 19415) at 9–10. But the plaintiffs argue Aronson should be allowed to compare Roundup to tobacco generally, which they say is different from the tobacco industry. The Court excluded similar testimony in a motion in limine prior to the *Hardeman* trial on the basis of Rules 401 and 403. *See In re Roundup Products Liability Litgation*, 2019 WL 1371806, at *1 (N.D. Cal. Feb. 18, 2019). This Court is of the view that, even on the plaintiffs' highly aggressive view of the scientific evidence, there is not even a remote similarity between Roundup and tobacco, and so any invocation of tobacco would be virtually irrelevant and highly prejudicial. But this is a question for the transferor court to decide.

    **IT IS SO ORDERED.**

Dated: March 25, 2025

                                      VINCE CHHABRIA
                                      United States District Judge